Clifford Alan BRANHAM, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2013–SC–000027–KB.

Supreme Court of Kentucky.

Feb. 21, 2013.

## OPINION AND ORDER

Movant, Clifford Alan Branham, KBA Member No. 88852, applied for restoration to membership pursuant to SCR 3.500(1) on March 8, 2010.[1] Branham's bar roster address is 841 Corporate Drive, Suite 310, Lexington, Kentucky, 40503. Branham was admitted to the Kentucky Bar on October 19, 2001. By order of this Court entered December 28, 2009, he was suspended from the practice of law for failing to pay the late fee associated with the late payment of his 2009/2010 bar dues.

On March 19, 2010, the Board reviewed the Application for Restoration and voted 16–1[2] against a recommendation for resto-

ration, and instead referred this matter to the Character and Fitness Committee pursuant to SCR 3.500(2)(d)[3] to conduct such further proceedings authorized under SCR 2.011[4] and SCR 2.040.[5] The Board's referral to the Character and Fitness Committee was entered by the Disciplinary Clerk on April 14, 2010. On April 22, 2010, the Character and Fitness Committee sent Branham a questionnaire which was to be returned within thirty days, along with the required application fee and bond for investigation costs pursuant to SCR 3.500(2) and (4). After the deadline passed without response, Branham informally communicated his intention to pursue restoration, and received informal extensions to do so through April 2011.

Branham has not communicated with the Board or the Character and Fitness Committee since December 9, 2010. The Character and Fitness Committee reviewed his Application for Reinstatement and found that it was incomplete, and that he failed to meet his burden of proof to establish his present qualifications to prac-

1. SCR 3.500(1) provides that, "A former member who has withdrawn from membership pursuant to SCR 3.480(1), or who was suspended for failure to pay dues as provided by SCR 3.050, or for failure to comply with the continuing legal education requirements of SCR 3.661 may be restored to membership upon compliance with the conditions set forth in this rule. No application for restoration shall be effective until entry of an order of restoration by the Board of Governors or the Courts, as provided herein. Until the entry of such an order, the suspension or withdrawal from membership remains in force."

2. With one member recused and three members absent.

3. Formerly SCR 3.500(1)(a)–(b), SCR 3.500(2)(d) provides that, "Upon the filing of the foregoing items, the Office of Bar Counsel shall present the matter to the Board at its next meeting. Within thirty (30) days of its

review of the complete application materials, the Board may restore the applicant to membership or refer the matter to the Character and Fitness Committee of the Kentucky Office of Bar Admissions for proceedings pursuant to SCR 2.040 and SCR 2.011, and subsequent review by the Supreme Court. If the matter is referred to the Character and Fitness Committee, the applicant shall pay a fee of two hundred fifty dollars ($250.00) to the Kentucky Office of Bar Admissions. Upon completion of its review, the Character and Fitness Committee shall submit its recommendation to the Board for its action and recommendation to the Court."

4. Providing that "All applicants for admission to the bar of this state must be of good moral character and general fitness requisite for an attorney."

5. Providing for the establishment of a Character and Fitness Committee.

tice law pursuant to SCR 3.500(5).[6]  Accordingly, on October 22, 2012, the Character and Fitness Committee unanimously recommended the disapproval of Branham's Application for Restoration.

On November 16, 2012, the Board of Governors considered the Application for Restoration and by a 20–1 vote (with one member absent) recommended that Branham's Application for Restoration be disapproved and that this Court enter an Order denying restoration.  Upon review, this Court hereby adopts the decision and recommendations of the Board.

Thus, it is hereby ORDERED that:

1.  Clifford Alan Branham's Application for Restoration is denied.

2.  Pursuant to SCR 3.500(4), Clifford Alan Branham is directed to pay the costs associated with this proceeding in the amount of $619.32, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., sitting.  All concur.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.

---

**6.**  Formerly SCR 3.500(6), SCR 3.500(5) provides that, "The burden of proof for establish-

ing the Applicant's present qualifications to practice law in Kentucky is on the Applicant."